IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EFREN L. BALTAZAR,

       Plaintiff,

vs.                                CASE NO.: 4:04cv462-SPM/AK

FLORIDA STATE HOSPITAL
and JOSE HERNANDEZ,

       Defendants.
_____/

### ORDER AFFIRMING MAGISTRATE JUDGE'S RULING

Pending before the Court is Defendant Florida State Hospital's Objections to Magistrate's Ruling With Respect to Plaintiff's Motion for Protective Order (doc. 37). For the following reasons, the Court affirms the magistrate judge's ruling.

**I. STANDARD OF REVIEW**

A district court judge may reconsider pretrial matters that have been referred to a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(A). Under this standard, the court will affirm the magistrate judge's order unless the court has a definite and firm conviction that error has occurred. See Linea Navira De Cabotaje, C.A. v. Mar Caribe De Navegacion, C.A., 169 F.Supp.2d 1341,

1355 (M.D. Fla. 2001); Nugent v. Hercules Offshore Corp., 1999 WL 1277536 at *1 (E.D. La. Dec. 28, 1999).

## II. DISCUSSION

The Magistrate Judge's protective order (doc. 36) prohibits Defendant from serving a subpoena upon Plaintiff's current employer to obtain personnel records regarding Plaintiff's "[a]pplications for employment, resumes, verification of employment, letters of recommendation, wage and compensation records, shareholder distributions, fringe benefits, paid bonuses, attendance and absentee records."[1]  Defendant argues that discovery of these records is relevant to the issues of (1) whether Plaintiff was discharged from Florida State Hospital or resigned, (2) whether Plaintiff has made himself available for employment to the greatest extent possible in mitigation of damages, and (3) whether Plaintiff is receiving benefits, which will impact on the amount of damages.

### A. Resignation vs. Discharge

Defendant maintains that Plaintiff's discharge is a contested fact that is of "enormous legal consequence" in this case.  (doc. 37, ¶ 7).  Therefore, from Plaintiff's current employer, Defendant seeks to obtain a copy of Plaintiff's job application to determine whether Plaintiff admitted on the application that he resigned from his job with Defendant, as Defendant contends, or stated that he was discharged, as Plaintiff contends in this suit.  Defendant argues that the

---

[1] The information Defendant initially sought was broader, but Defendant states that it is willing to pare back its request to the items listed.  Doc. 37 at p. 5 n3.

Magistrate Judge made a clearly erroneous finding of fact that Plaintiff was discharged from employment in determining that Defendant did not have legitimate grounds for seeking Plaintiff's job application.

The Court recognizes Defendant's position that Plaintiff was not actually discharged[2] because Defendant gave Plaintiff an opportunity to resign, which Plaintiff took. This is a factual matter that neither party appears to dispute. Whether one chooses to describe Plaintiff's parting from Defendant's employment as a resignation or a discharge under these circumstances, however, is an issue of semantics that has no impact upon this case.

A person who is forced to resign upon threat of discharge is treated under the law in the same manner as a person who is actually discharged. Seisser v. Platz Flowers and Supply, Inc., 129 F.Supp. 2d 1130, 1135 (N.D. Ill. 2000). The critical factor in determining whether a discharge occurred is whether Plaintiff left his employment voluntarily or involuntarily. Id. In this case, Defendant makes no suggestion that Plaintiff left his employment voluntarily. Accordingly, the Court finds that the term Plaintiff used on his job application to describe his parting with Defendant is not relevant and that Plaintiff's job application is not reasonably

---

[2] The Magistrate Judge's order notes that Plaintiff is not claiming "constructive discharge." This is true to the extent "constructive discharge" is used in its regular sense to describe a situation where an employee is subject to working conditions that are so intolerable that, although the employer makes no decision to discharge the employee, the employee has no reasonable option but to resign. Seisser, 129 F.Supp. 2d at 1134 n.15. The term "constructive discharge" could be used to apply to Plaintiff's claim, however, if taken to mean that Defendant made a decision to discharge Plaintiff and gave Plaintiff an option to resign instead of being actually discharged. Id. at 1135.

calculated to lead to the discovery of admissible evidence. The Magistrate Judge's did not err in prohibiting Defendant from issuing the subpoena on this ground.

### B. Mitigation of Damages

Defendant next argues that the subpoena for Plaintiff's personnel records is relevant on the issue of mitigation of damages. Plaintiff's current employment is through Disability Examiners of America, Inc. (DEA) in Tallahassee, Florida. Plaintiff works as an independent contractor reviewing medical charts for DEA. DEA pays Plaintiff $28 to $30 for each chart he reviews. Plaintiff receives no benefits and earns, on average, $280 a week.

Defendant contends that a review of Plaintiff's personnel records is needed to determine whether Plaintiff has made himself available for employment to the greatest extent possible. While this is a legitimate area of inquiry, the records Defendant seeks are not reasonably calculated to lead to evidence of whether Plaintiff is under-working at DEA. Applications for employment, resumes, verification of employment, and letters of recommendation would not provide evidence of under-working; nor would attendance and absentee records, since Plaintiff is getting paid as an independent contractor for each chart he reviews. Wage and compensation records, shareholder distributions, fringe benefits, and paid bonuses may shed light on the amount of work Plaintiff is performing, but they would not show whether DEA has additional work or a full-time position open for Plaintiff if he

desired to take it.  Furthermore, Defendant has already received Plaintiff's income records, which reflect the amount of work Plaintiff performs for DEA.

The records Defendant seeks from DEA are not reasonably calculated to lead to admissible evidence beyond the income records Defendant has already received from Plaintiff.  Accordingly, the Magistrate Judge did not err in prohibiting Defendant from issuing the subpoena on this ground.

### C.  Amount of Damages

Defendant argues that it needs information from DEA to determine whether Plaintiff is receiving benefits, in addition to wages, which would impact the amount of damages, if any, Plaintiff is entitled to receive.  Defendant has already learned through Plaintiff, however, that Plaintiff is working as an independent contractor and receives no fringe benefits.  Although Plaintiff objected to providing fringe benefit information to Defendant, Plaintiff has since clarified that his objection was limited to Social Security and Unemployment Compensation benefits.  Plaintiff also clarified that he does not receive any benefits from DEA.

Defendant has already obtained from Plaintiff the information it seeks concerning fringe benefits.  Defendant has no legitimate reason for seeking duplicate information from DEA.  Accordingly, the Magistrate Judge did not err in prohibiting Defendant from issuing the subpoena on this ground.

## III.  CONCLUSION

A court may limit discovery when the discovery is obtainable from some

other source that is less burdensome or when the burden outweighs its likely benefit or when a limitation is needed to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Federal Rule of Civil Procedure 26(b)(2) and (c).  The information Defendant seeks about whether Plaintiff stated on his application that he resigned is not relevant in this case because Plaintiff did not resign voluntarily.  The personnel records Defendant seeks are not reasonably calculated to lead to evidence of whether Plaintiff is under-employed at DEA.  Finally, Defendant is already aware that Plaintiff receives no benefits from DEA.  Defendant's discovery request is not reasonably calculated to lead to the discovery of admissible evidence and results in embarrassment, oppression, and annoyance to Plaintiff.   The Magistrate Judge's protective order is not clearly erroneous or contrary to law.  Accordingly, it is

ORDERED AND ADJUDGED that Defendant's objection (doc. 37) is overruled and the Magistrate Judge's order (doc. 36) is affirmed.

DONE AND ORDERED this 5th day of July, 2005.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge